KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Megan@PacificWestInjury.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA C. MARTINEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>PANDA EXPRESS, INC., a Foreign Corporation; and DOES I through X; and ROE BUSINESS ENTITIES XI through XX, inclusive.<br><br>Defendants. | Case No.: 2:26-cv-00847-DJA<br><br>**STIPULATION AND PROPOSED ORDER TO CONDUCT DEPOSITION OUTSIDE OF DISCOVERY DEADLINE (FIRST REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their respective counsel, that for good cause and excusable neglect shown, the deposition of Defendant PANDA EXPRESS, INC.'s FRCP 30(b)(6) witness will proceed notwithstanding the discovery deadlines established in the Order on Discovery Plan and Scheduling Order (ECF No. 10) and the Stipulation and Order to Extend Discovery Deadlines (ECF No. 13) shall be taken by December 4, 2026, which falls after the close of discovery currently set to expire on November 17, 2026. This stipulation is made pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1) and District of Nevada Local Rules IA 6-1, 26-1, and 26-3. It is the parties' first request for an extension to conduct a deposition outside of the discovery deadlines; no trial date has been set, and the requested continuance will not prejudice any party or disturb any other case-management dates.

///

PACIFIC WEST INJURY LAW

## I. DISCOVERY COMPLETED TO DATE

1. May 4, 2026, the parties conducted their Federal Rule of Civil Procedure 26(f) conference.

2. May 12, 2026, Defendant Panda Express, Inc. ("Defendant") served its initial disclosure of witnesses and documents under Rule 26(a)(1).

3. May 12, 2026, Defendant served its first set of interrogatories and requests for productions of documents to Plaintiff.

4. May 19, 2026, the Court issued an Order Granting Discovery Plan and Scheduling Order setting the discovery deadline on September 18, 2026.

5. May 19, 2026, Plaintiff served her initial disclosure of witnesses and documents under Rule 26.

6. June 18, 2026, Plaintiff served her responses to Defendant's first set of interrogatories and requests for production of documents.

7. June 22, 2026, Plaintiff served her first set of requests for admission, interrogatories, and requests for production of documents to Defendant.

8. July 9, 2026, Defendant served its first supplement to its initial disclosure of witnesses and documents under Rule 26(a)(1).

9. July 20, 2026, Plaintiff served her initial expert disclosure.

10. July 20, 2026, Defendant served its initial expert disclosure.

11. July 20, 2026, Defendant served its first supplement to initial expert disclosures.

12. July 31, 2026, Defendant served its responses to Plaintiff's first set of requests for admission, interrogatories, and requests for production of documents to Defendant.

13. August 5, 2026, Defendant served its second supplement to initial expert disclosures.

14. September 1, 2026, Defendant served its notice of deposition of Plaintiff to be conducted on September 15, 2026.

15. September 11, 2026, Plaintiff served her notice of taking Defendant's 30(b)(6) Designee depositions with topics to be conducted on September 18, 2026.

16. Plaintiff was deposed on September 15, 2026.

17. November 11, 2026, Plaintiff served her amended notice of taking Defendant's 30(b)(6) Designee depositions with topics to be conducted on November 16, 2026.

18. November 16, 2026, Plaintiff served her second amended notice of taking Defendant's 30(b)(6) Designee depositions with topics.

## II. DISCOVERY THAT REMAINS TO BE COMPLETED

1. Deposition of Defendant 30(b)(6) Designee and fact witnesses.

## III. REASONS THE PARTIES REQUEST TO EXTEND THE DISCOVERY DEADLINES

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 and 388 (1993). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395.

The parties respectfully submit, pursuant to Local Rule 26-3, that good cause and excusable neglect exist for the following requested extension. This case arises from a trip and fall that occurred

on February 18, 2024. Plaintiff sustained various injuries to her body as a result of this incident. The Court issued a scheduling order on May 19, 2026, and Plaintiff served her first set of interrogatories, requests for production, and requests for admissions on June 22, 2026. Defendant requested an extension to respond to Plaintiff's written discovery and served its responses on July 31, 2026.

Thereafter, Plaintiffs' counsel encountered significant delay associated with trial preparation for a firm three-week jury trial that was set to begin on August 17, 2026, which created a backlog and delayed addressing upcoming discovery deadlines, such as submitting this proposed Stipulation within 21 days of the close of discovery deadline.

Plaintiff's and Defendant's counsel litigation staff coordinated to schedule Plaintiff's deposition, which was set for September 15, 2026. Plaintiff's counsel's staff also requested Defendant's 30(b)(6) deposition availability on September 1, 2026. Plaintiff's counsel was out of state during the second week of September 2026. On September 11, 2026, Plaintiff served her Notice of Deposition of Rule 30(b)(6) Designee for Defendant Panda Express, Inc. scheduling the deposition for September 18, 2026. Defendant's counsel indicated that its Rule 30(b)(6) witness was not available on September 18, 2026.

The parties desire to conduct Defendant's 30(b)(6) deposition. The brief delay has caused no prejudice, the requested extension is modest, and the parties have worked together to resolve any conflict in good faith. Based on the foregoing, both Plaintiff and Defense counsel are requesting that the that a deposition of Defendant PANDA EXPRESS, INC.'s FRCP 30(b)(6) witness may be taken within two weeks after the close of discovery due to unforeseen scheduling conflicts as well as new counsel being involved for both parties. The deposition will occur via Zoom, in accordance with Rule 30 of the Federal Rules of Civil Procedure. The deposition will proceed notwithstanding the discovery deadlines established in the Order on Discovery Plan and Scheduling Order (ECF No. 10) and the Stipulation and Order to Extend Discovery Deadlines (ECF No. 13).

The parties further stipulate that the deposition shall be conducted in the manner set forth herein and that the deposition shall be admissible in the same manner as any other deposition under the Federal Rules of Civil Procedure.

The parties further stipulate that the deposition shall be conducted in the manner set forth herein and that the deposition shall be admissible in the same manner as any other deposition under the Federal Rules of Civil Procedure.

This stipulation is made without prejudice to the right of the parties and is subject to the approval of the Court.

The parties represent this Stipulation is to prevent interference with the discovery schedule, to ensure compliance with Rule 29, and the parties will comply with all other requirements of Rule 30 and the Federal Rules of Civil Procedure. This stipulation is sought in good faith and not interposed for delay or any other improper purpose.

DATED this _18th__ day of November, 2026.

**PACIFIC WEST INJURY LAW**

__*/s/ Megan E. Wessel*__________

KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this _18th_ day of November, 2026.

**WILSON ELSER**

___*/s/Jennifer A. Taylor*_________________

JENNIFER A. TAYLOR, ESQ.
Nevada Bar No. 6141
PATRICK O. TARZI, ESQ.
Nevada Bar No. 15823
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant*

**IT IS SO ORDERED.**

_________________________________

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2026

**From:** Megan E. Wessel, Esq. <Megan@PacificWestinjury.com>
**Sent:** Wednesday, November 18, 2026 11:33 AM
**To:** Taylor, Jennifer <Jennifer.Taylor@wilsonelser.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Kaufman, Jessica <Jessica.Kaufman@wilsonelser.com>; Beus, Mandy <Mandy.Beus@wilsonelser.com>
**Subject:** RE: 2:26-CV-00847 Martinez v. Panda Express |Results of Meet & Confer

EXTERNAL EMAIL - This email originated from outside the organization.

Ok, thanks for the update. We will vacate tomorrow and I have attached an updated SAO stipulating to complete the deposition by Dec. 4. Please let us know if we may affix your e-signature.

Megan

**From:** Taylor, Jennifer <Jennifer.Taylor@wilsonelser.com>
**Sent:** Wednesday, November 18, 2026 11:22 AM
**To:** Megan E. Wessel, Esq. <Megan@PacificWestinjury.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Kaufman, Jessica <Jessica.Kaufman@wilsonelser.com>; Beus, Mandy <Mandy.Beus@wilsonelser.com>
**Subject:** FW: 2:26-CV-00847 Martinez v. Panda Express |Results of Meet & Confer

Megan I finally found out what has caused the delay on Panda's end. In short, the person(s) who would have been designated as the witness(es) both are no longer employed at Panda Express. As such, it has taken a minute to locate an employee who can step in (on short notice), prepare and appear to testify. We have found the person. Her name is Nancy